**UNITED STATES of America, Appellee**

v.

**Edward E. KING, Appellant.**

**No. 05–3056.**

United States Court of Appeals, District of Columbia Circuit.

May 24, 2006.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Federal Public Defender, John James Carney, Carney & Carney, Washington, DC, for Appellant.

BEFORE: HENDERSON, ROGERS and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel. It is

ORDERED that the judgment from which this appeal has been taken be affirmed. Edward E. King appeals his sentence of 92 months' imprisonment imposed on March 7, 2005, for his conviction of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). King maintains that his sentence violated his rights under the Fifth

and Sixth Amendments to the United States Constitution because it was based on facts neither proved to the jury beyond a reasonable doubt nor alleged in the indictment, in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

■ In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence *exceeding the maximum authorized by the facts* established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244, 125 S.Ct. 738 (emphasis added). Post-*Booker*, the "maximum authorized by the facts" is set out in the United States Code. *See United States v. Duncan*, 400 F.3d 1297, 1303 (11th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 432, 163 L.Ed.2d 329 (2005). Here, the facts found by the jury exposed King to a 10–year sentence, the maximum authorized by 18 U.S.C. § 924(a)(2). King's sentence of 92 months plainly falls short of the maximum and therefore does not violate his Fifth Amendment and Sixth Amendment rights.

■ King's claim that his sentence is unconstitutionally based on facts not alleged in the indictment also fails. The district court's finding that King's criminal history included two felony convictions, both of which were either crimes of violence or crimes involving drugs, did not increase his sentence beyond the statutory maximum and, therefore, the facts underlying his criminal history did not need to be alleged in the indictment. *Cf. Booker*, 543 U.S. at 224, 125 S.Ct. 738. The holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 243–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to the effect that a defendant's prior conviction that was not included in the indictment yet increased the statutory maximum penalty

did not violate the Constitution is therefore not implicated. Accordingly, we do not consider King's contention that the decision is no longer good law.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.